IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEBBIE ROTRIGA,

      Plaintiff,

v.                            Civil Action No. 5:12CV120
                                          (STAMP)
AZZ, INC.,

      Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING THE PRONOUNCED ORDER OF THIS COURT
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION TO DISMISS**

I.  Procedural History

The plaintiff, Debbie Rotriga, filed the complaint in the above-styled civil action initially in the Circuit Court of Marshall County, West Virginia on June 27, 2012. The plaintiff alleges in her complaint three separate claims. Count I alleges wrongful termination on the basis of age and sex in violation of the West Virginia Human Rights Act ("WVHRA"). Count II alleges that the defendant committed a tort of outrage against her based on its conduct. Count III alleges that the defendant breached the employment contract between the parties by violating the contract's terms and conditions of employment.

On July 31, 2012, the defendant removed the case to this Court claiming federal jurisdiction based upon 28 U.S.C. § 1332(a)(1) diversity jurisdiction. Thereafter, the defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6),

asserting that plaintiff failed to allege factual allegations to support her claims and as such, they fail as a matter of law. For the reasons set forth below, this Court denies the defendant's motion to dismiss as to Counts I and III and grants the motion to dismiss as to Count II.

This Court held a status and scheduling conference for this case on January 25, 2013. During this conference, this Court provided the parties with preliminary rulings on the defendant's motion to dismiss. This order confirms those rulings.

## II. Facts

The plaintiff was an employee of the defendant for three years starting in April 2009. In September 2011, the plaintiff took leave in conjunction with her pregnancy. The plaintiff returned to work in November 2011. While the plaintiff was on pregnancy leave, the plaintiff claims that the defendant hired other employees to perform the plaintiff's job duties. The day that the plaintiff returned to work, her supervisor allegedly placed the plaintiff on probation. The plaintiff asserts that prior to her pregnancy leave, she had not received any complaints regarding her performance and had even earned positive performance reviews. The plaintiff continued to work for the defendant for thirty days following her return to work and at that time, the plaintiff states that she was terminated.

2

### III. Applicable Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) only mandate "a short and plain statement of a claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the complaint must demonstrate the grounds to entitlement to relief with "more than labels and conclusions . . . factual allegations

must be enough to raise a right to relief above the speculative level."  Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

IV.   Discussion

A.   Count I: Wrongful Termination

The defendant first asserts that the plaintiff failed to state a claim for wrongful termination because she failed to allege how the termination of her employment was in violation of the WVHRA or a specific public policy recognized as an exception to West Virginia's at-will employment doctrine.  The plaintiff, however, argues that she has asserted sufficient factual matter to state a claim of gender discrimination under the WVHRA or under common law that is plausible on its face.

Under the WVHRA, it is illegal to discriminate on the basis of sex "with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required."  W. Va. Code 5-11-9(a).  The West Virginia Supreme Court has held that discrimination on the basis of pregnancy is sex discrimination.  Frank's Shoe Store v. W. Va. Human Rights Comm'n, 365 S.E.2d 251, 258 (W. Va. 1986).

Under the WVHRA, the burden of sustaining a discrimination claim follows the burden shifting framework of Title VII of the Civil Rights Act of 1964, established by McDonnell Douglas Corp v. Green, 411 U.S. 792, 802-04 (1973).  Ford Motor Credit Co. v. W. Va. Human Rights Comm'n, 696 S.E.2d 282, 292 (2010).   Thus,

4

initially, the plaintiff has the burden of establishing a prima facie case of discrimination.   A prima facie case under WVHRA requires a showing of the following: "(1) That the plaintiff is a member of a protected class. (2) That the employer made an adverse decision concerning the plaintiff. (3) But for the plaintiff's protected status, the adverse decision would not have been made." Id. (internal citations omitted).   While this burden is not an "onerous" one, it must be satisfied initially in order for a discrimination case to move forward.   Id. at 777.

This Court agrees with the plaintiff concerning whether she stated a claim for sex discrimination under the WVHRA.   As stated above, in order to survive a motion to dismiss for failure to state a claim, the "factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In regards to the prima face case required to be proven by the plaintiff, this Court finds that the plaintiff stated sufficient factual allegations.   Specifically, this Court finds that the plaintiff, although not announcing that she is a female, did refer to herself by using feminine pronouns and also states she was pregnant.   Such allegations indicate that she is a member of a protected class.   Furthermore, the allegations in her complaint also allege that an adverse decision was made against the plaintiff.   Specifically, she alleges that she was placed on probation and then eventually fired.   Finally, there are sufficient

facts to allege the third element, that the adverse decision would not have occurred but for her protected status, as the plaintiff states that she was placed on probation the day she returned from pregnancy leave, and fired thirty days later.

Further, under West Virginia law, an employer may be liable if it terminates an at-will employee in contravention of some substantial public policy even if the plaintiff does not have a statutory remedy. Williamson v. Greene, 490 S.E.2d 23, 31 (1997). The West Virginia Supreme Court of Appeals has indicated that if a plaintiff cannot maintain a statutory claim for retaliatory discharge based on sex discrimination or sexual harassment under the WVHRA, a plaintiff may bring a claim for retaliatory discharge based on such discrimination or harassment under common law, as sex discrimination and sexual harassment in employment contravene the public policy of the State of West Virginia. Id. at 33. Therefore, because the West Virginia Supreme Court has held that sex discrimination is a specific exception to the at-will employment doctrine and because this Court found that the plaintiff's claim for sex discrimination should not be dismissed under the WVHRA, this Court also finds that this claim should not be dismissed for the same reasons as stated above. Therefore, defendant's motion to dismiss is denied as to Count I.

B.   Count II: Tort of Outrage

The defendant next claims that the plaintiff failed to state a claim for the tort of outrage.  Specifically, the defendant argues that the plaintiff failed to include any of the necessary factual allegations to support such a claim and her assertions amount to a "formulaic recitation of the elements of [the] cause of action." Twombly, 550 U.S. at 555 (2007).  The plaintiff asserts that more discovery is necessary for this claim and dismissal at this stage would be premature.

In order to prevail on a tort of outrage claim, the West Virginia Supreme Court has held that a plaintiff must prove:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Travis v. Alcon Laboratories, Inc., 202 W. Va. 369, 375 (1998).

The plaintiff's complaint contains the following three statements under Count II:

> 13. Defendant's actions were so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society.

> 14. By acting in such an extreme, atrocious an [sic] inexcusable manner, Defendant intended to cause the Plaintiff severe emotional distress.

7

15.  As a result of Defendant's outrageous conduct, Plaintiff has suffered severe emotional distress.

ECF No. 1 Ex. 1 *6.  As the defendant said, such statements amount to nothing more than a "formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555.  Under <u>Twombly</u>, a complaint must contain more than such "labels and conclusions" and the "factual allegations must be enough to raise a right to relief above the speculative level."  <u>Id.</u>  The plaintiff does not assert a single fact concerning what actions were so outrageous or extreme or elaborate at all regarding the plaintiff's alleged emotional distress.   Further, this Court finds plaintiff's argument concerning needing more discovery on this claim to be without merit, as the plaintiff should be able to assert enough facts to establish the grounds for her relief in a tort of outrage claim without needing further discovery.   Therefore, the defendant's motion to dismiss is granted as to Count II of plaintiff's complaint.

C.   <u>Count III: Breach of Contract</u>

The defendant lastly asserts that the plaintiff failed to state a claim for breach of contract.  The defendant asserts that the plaintiff has failed to allege the existence of a contract to set forth a cause of action for breach of contract because she did not demonstrate that the employment policies contained in the employee handbook included either of the provisions relating to discharge or job security that modify an at-will employment

8

relationship.  The plaintiff argues that she cannot assert any more specific factual allegations until she obtains a copy of the employee handbook in discovery, as she no longer has a copy of the handbook.  She states that the Court should revisit this issue at the summary judgment phase of this litigation.

To state a breach of contract claim under West Virginia law, a plaintiff must show: (1) existence of a valid enforceable contract; (2) plaintiff performed under the contract; (3) defendant breached or violated a duty under the contract; and (4) the plaintiff was injured by this breach.  Wince v. Easterbrooke Cellular Corp., 681 F. Supp. 2d 688, 693 (N.D. W. Va. 2010).

Under West Virginia law, generally at-will employment is terminable at any time.  Younker v. Eastern Associated Coal Corp., 591 S.E.2d 254, 257 (W. Va. 2003).  However, "contractual provisions relating to discharge or job security may alter the at-will status of a particular employee."  Id. (quoting Bailey v. Sewell Coal Co., 437 S.E.2d 448, 451 (W. Va. 1993)).  Representations made in an employee handbook "can meet the normal requirements for formation of an implied contract" necessary to alter such status.  Id.

This Court finds that the plaintiff did state a claim upon which relief can be granted in Count III.  She states there is a valid contract, that being the employee handbook.  She further states that the defendant violated the terms of the handbook and as

a result, she was injured due to being fired.  While the factual allegations of the plaintiff's complaint are not overwhelmingly abundant, taking those allegations that are provided, and in reliance on the plaintiff's representations that she does not have a copy of the employee handbook at this time, this Court finds that it does not appear "to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim."  The employee handbook may in fact provide the necessary material for the plaintiff's claim. Therefore, this Court agrees with the plaintiff that such issue is better left for the summary judgment phase of this litigation. Thus, this Court denies the defendant's motion to dismiss as to Count III.

## V.  Conclusion

For the reasons stated above, the defendant's motion to dismiss (ECF No. 5) is GRANTED as to Count II and DENIED as to Counts I and III.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   February 11, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

10